CRONAN *v.* BURT.

The verdict being without evidence to support it, the court erred in refusing to grant a new trial.

Submitted March 23, — Decided April 21, 1899.

Levy and claim.  Before Judge Kimsey.  Dawson superior court.  February term, 1898.

*H. L. Patterson*, for plaintiff in error.

SIMMONS, C. J.   A horse, buggy and harness were levied upon

as the property of Crain, and were claimed by his daughter, Mrs. Cronan. The record discloses that the claimant bought the property from her father and paid for it prior to the judgment and execution levied upon it. As far as appears, she paid full value for the property. No witness introduced testified to the contrary. The only evidence tending in any way to show that the claim was false was that to the effect that the horse was at times kept in the stables of the defendant, and that the defendant made certain admissions or declarations to the sheriff or his deputy concerning the horse when the officer went to make the levy. The keeping of the horse in defendant's stables was fully explained by the claimant and her witnesses, who testified that she had no stable of her own, and in bad weather sent the horse to her father's stables. No witness contradicted this. The declarations of the father to the levying officer were not made in the presence of the claimant, and the declarations thus made, after he had parted with title and possession, could not in any way bind the claimant. The remaining fact relied upon to subject the property was, that on the day of the levy the horse was missing from the defendant's stables, that the officer tracked the horse for some distance and found it in the possession of the husband of the claimant some distance from the public road; the inference being that the husband was trying to conceal the horse. This was fully explained by the husband, who testified that he had ridden the horse to the mill, had ascertained that he could not get his grinding for some time, and had returned home, leaving the main road and taking a short cut to his home through the woods and pastures, where he was found by the officer and the levy made. No witness contradicted this. Even if the husband was endeavoring to conceal the horse from the officer, that fact alone would not justify the inference that the horse was the property of the defendant. The levying officer testifies that when he levied upon the horse, the husband of the claimant stated to him that he had thought it would be better to get the horse out of the way than to stand a lawsuit about it. It is a common thing in the country, when a person buys property bona fide and afterward learns of the issue of an execution against it, to try to

conceal it so as to prevent a levy. The fact of concealment is admissible as a circumstance, but is not alone sufficient to authorize a jury to find the property subject.

The jury by their verdict found the property subject. The claimant made a motion for a new trial, which the trial judge overruled. The claimant excepted. While we are loth to interfere with the discretion of the trial judge in approving the verdict of a jury, still it is our duty, when there is no evidence to sustain the verdict, to remand the case for a new trial. A verdict which is supported by no evidence is contrary to law.

*Judgment reversed. All the Justices concurring.*